UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No. 06-33-02S |
| | ) | |
| | ) | |
| CHARLES LAMBERT | ) | |

MOTION FOR A SENTENCE OUTSIDE
OF THE GUIDELINE RANGE

Now comes the defendant and moves for a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

Charles Lambert
By his Attorneys,

Robert B. Mann #153
Camille A. McKenna
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Lee Vilker at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 6 day of July, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No. 06-33-02S |
| | ) | |
| | ) | |
| CHARLES LAMBERT | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

The defense has moved for a sentence outside of the guideline range, which is 30 to 37 months. There is no dispute with the calculation of the guideline range. The Court of Appeals has established a template for post Booker sentencing. United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc). One starts with the calculation of the guideline range.

The defendant is a young man involved in a financial crime who has a demonstrated ability to work. He graduated from high school, approximately in the middle of his class. He has used marijuana in the past, but now appears to be clean. He also does not appear to have an alcohol problem.

The defense ultimately asks this Court to consider the factors set forth in 18 U.S.C. §3553 and determine that a sentence below the guideline range is warranted. A specific consideration of certain of the factors set forth in 18 U.S.C. §3553(a) is set forth below:

Ultimately, this was a financial crime by a young man, who has the capacity and intelligence and history to work and contribute to society. This is not a crime of violence or a drug crime. It is also not a white collar offense committed by a highly skilled

professional. Rather, what the case depicts is a young person, seeking the quick financial solution. The defense submits that just as the heart and soul of this crime was financial, the penalty should be of the same ilk. This case is primarily about money and the defense submits that the most effective way to communicate a lesson to this defendant and to society is to impose a financial sentence.

Attached to this memorandum is a chart prepared by the defense and a memorandum from the Administrative Office of the United States Courts to the United States Chief Probation Officers and Chief Pretrial Services Officers about the costs of incarceration and supervision. Using the figures from that memorandum, the defense has created a chart, titled "Charles Lambert, Costs of Various Sentences." Column 1 identifies the cost of incarceration per month of the defendant. Column 2 identifies the cost of supervision by probation officers. Column 3 hypothesizes payments by the defendant, if he were not incarcerated, of $500 per month for restitution and/or the cost of supervised release. Finally, column 4 hypothesizes that if the defendant were not incarcerated and were working, he would be paying taxes, including social security payments, of an approximate amount of $500 per month.[1]

If this defendant were incarcerated for a total of 30 months, the costs of incarceration would be $58,579.80. Presumably, during that same period of time, he would make no payments toward restitution and make no income tax payments. The cost to society of incarcerating this defendant would be about $88,579.80, including the actual cost of incarceration and the lost payments from the defendant. (The defense arrives at this figure by adding the column titled prison, the column titled payment, and the column titled taxes.)

[1] This is probably a conservative figure particularly if social security taxes are included.

If this defendant were incarcerated for 6 months, the cost of his incarceration would $11,715.96. Using the numbers set forth in columns 3 and 4, during the next 24 months, he would make $24,000 in payments for restitution, costs and/or the costs of supervised release and tax payments. For 6 months, however, the defendant would make no payments. The net cost to society over the 30 month period would be a positive $6,284.04. ($11,715.96 plus $6,000 lost payments during the six months of incarceration, but $24,000 in payments while not incarcerated).

If this defendant were incarcerated for 12 months, the cost of his incarceration would be $23,431.92. Using the numbers set forth in columns 3 and 4, during the next 18 months, he would make $18,000 in payments for restitution, costs and/or the costs of supervised release and tax payments. For 12 months, however, the defendant would make no payments. The net cost to society over the 30 month period would be $17,431.92. ($23,431.92 plus $12,000 [payments not made while incarcerated], minus 18,000.00 [payments made after release from incarceration].)

If Mr. Lambert were incarcerated for 18 months, the cost of his incarceration would be $35,147.88. Using the numbers set forth in columns 3 and 4, during the next 12 months, he would make $12,000 in payments for restitution, costs and/or the costs of supervised release and tax payments. For 18 months, however, the defendant would make no payments. The net cost to society over the 30 month period would be $41,147.88. ($35,147.88 plus $18,000.00 [payments not made while incarcerated] minus $12,000.00. [payments made after release from incarceration]).

If Mr. Lambert were incarcerated for 24 months, the cost of his incarceration would be $46,863.84. Using the numbers set forth in columns 3 and 4, during the next 6 months, he would make $6,000 in payments for restitution, costs and/or the costs of supervised release and tax payments. For 24 months, however, the defendant would make no payments. The net cost to society over the 30 month period would be 64,863.92. (46,863.84 plus $24,000 [payments not made while incarcerated] minus $6,000.00. [payments made after release from incarceration]).

The figures above can be seen more graphically as follows:

30 months - Cost - $88,579.80

24 months - Cost - $64,863.84

18 months - Cost - $41,147.88

12 months - Cost $17431.92

6 months - Positive $6,284.04

0 months - Positive $30,000.00 (Columns 3 and 4 and no cost of incarceration)

This was a financial crime. A sentence that imposes less incarceration would be most effective in allowing the defendant to address his financial obligations. For a young man with many obvious positive factors in his support, as set forth in the presentence investigation, a sentence with minimal incarceration, if any, would provide the most just punishment for the offense. See 18 U.S.C. §3553(a)(2)(A). It would also further the

other factors of 18 U.S.C. §3553(a). It would reflect the seriousness of the offense. The constant financial burden on the defendant from having to make payments will promote respect for the law. The defense submits it would also provide adequate deterrence to criminal conduct. In considering a sentence, the Court should consider if the sentence will:

> … provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. §3553(a)(2)(D). In this case, the defense submits that what this young man requires is not incarceration, or if incarceration not more than a short sentence. In lieu of incarceration, what this young man needs to do is go to work, earn a living, and be required to start making payments toward restitution.

For all of the reasons set forth above, the defense asks that the sentence in this case involve either no incarceration or a short period of incarceration.

Charles Lambert
By his Attorneys,

Robert B. Mann #153
Camille A. McKenna
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Lee Vilker at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 6 day of July, 2006.