**IN THE DISTRICT COURT FOR THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 06-33-02S |
| | ) | |
| CHARLES LAMBERT | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE**

Now comes the United States and hereby objects to defendant's Motion For a Sentence Outside of the Guideline Range for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LEE H. VILKER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

In hereby certify that on the 10th day of July, 2006, a copy of the within Government's Objection, was faxed and hand-delivered to the following:

Robert B. Mann, Esq.
Mann & Mitchell
610 Turks Head Place
Providence, R.I. 02903

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR 06-33-02S |
| | : | |
| CHARLES LAMBERT | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE**

The United States of America, by and through its undersigned attorney, respectfully submits this Memorandum of Law in Support of the Government's Objection to Defendant's Motion For a Sentence Outside of the Guideline Range.

Defendant Charles Lambert ("Lambert") played a critical role in a widespread bank-fraud conspiracy which involved at least 56 individuals and lasted for more than 9 months. As the undisputed Prosecution Version (PSR ¶ 10) delineates, Lambert's involvement in this conspiracy was extensive. Not only did Lambert deposit fraudulent checks into his own bank account and into the accounts of other co-conspirators, he was the primary person responsible for recruiting additional college-aged individuals to commit bank fraud. Once these individuals were successfully recruited, Lambert would travel with the college-aged individuals to various branches of Citizens Bank to make fraudulent withdrawals. As a result of this extensive conspiracy, Citizens Bank incurred a loss of approximately $608,068.

Despite his extensive involvement in this vast bank fraud conspiracy, Lambert seeks a sentence below the Guideline range of 30 -37 months. The United States strongly opposes this

motion. The United States has agreed to recommend a sentence at the bottom of the Guideline range and therefore recommends that the Court impose a sentence of 30 months. We believe this sentence takes into account the defendant's more favorable characteristics (including family support and a minor criminal history) while adequately punishing defendant for his repeated acts of fraud and deterring others from committing the same type of offense.

In an interesting, though ultimately wrong-headed analysis, defense counsel argues that the costs of imprisonment are so great that Lambert should receive little or no jail time. According to defense counsel, if Lambert were to receive a sentence of 30 months imprisonment, the cost to the taxpayers would be $88,579, whereas if he were to receive no jail time, there would be little to no cost to the taxpayer. Therefore, the argument goes, Mr. Lambert should be sentenced to as low a sentence as possible to save societal costs.

While the United States commends defense counsel's desire to reduce the burden on the taxpayer, this argument flies in the face of two bedrock purposes of criminal law: punishment and deterrence. If defense counsel's argument were taken to its logical conclusion, we would never incarcerate any criminals because it would always make economic sense to avoid having to pay to house them. As a society, we are prepared to absorb the admittedly high costs of incarceration because we believe that punishing those who commit serious crimes is of value and in the hope that imposing sentences of incarceration will provide both specific and general deterrence.

As defense counsel cannot possibly be advocating for the release of violent criminals, he is presumably arguing that those who commit financial crimes should merely be punished financially. In adopting the Sentencing Guidelines, Congress has taken a different view - a view

that prison sentences for high-dollar fraud cases is warranted to punish the perpetrator and to deter others. It is not difficult to understand why Congress has made this decision. White-collar crime, particularly fraud, is rampant in our society. If the only punishment available for these crimes is financial, there will be little or no deterrence to those who are contemplating committing fraud. In most cases (as here), the proceeds of the fraud are long gone once the fraud is uncovered, investigated and prosecuted by the authorities. The possibility of fines and/or restitution will do little or nothing to deter those who may consider committing fraud. What provides at least some deterrence to would-be white-collar criminals is the fear that they may face a substantial term of imprisonment if the fraud is uncovered.

A sentence below the Guideline range, as suggested by defense counsel, would not adequately punish this defendant for his blatant and repeated acts of fraud, in which he not only tainted himself, but recruited numerous other individuals into criminal activity. As a result of Lambert's successful recruitment, many of these young adults now have criminal records themselves for obtaining money under false pretenses. A sentence at the bottom of the Guideline range is warranted to punish the defendant, and to deter him and other from committing any further crimes.

For all of these reasons, the United States respectfully requests this Court to deny defendant's Motion For a Sentence Outside the Guideline Range.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the 10th day of July, 2006, a copy of the within Government's Memorandum, was faxed and hand-delivered to the following:

Robert B. Mann, Esq.
Mann & Mitchell
610 Turks Head Place
Providence, R.I. 02903

Lee Vilker